# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | Case No. 2:05CR00026 |
| v. | ) | |
| | ) | **OPINION** |
| | ) | |
| **THERESA JANE HEAD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Theresa Jane Head, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading that I construed as a Motion for Reconsideration (ECF No. 158) of my ruling on November 12, 2008, denying the defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012).[1] Upon review of the motion and court records, I deny the Motion for Reconsideration and construe and summarily dismiss it under § 2255(h) as successive.

In her current submission, the defendant seeks to revise Claim (D) of her § 2255 motion to allege that trial counsel had too much work and did not zealously represent her best interests. Because the defendant does not demonstrate any

---

[1] The defendant's submission is entitled: "APPLICATION OF APPEALABILITY." Because her appeal of the November 2008 judgment concluded months ago and she expressly seeks to reopen her § 2255 motion before this court, I construed her filing as a Motion for Reconsideration.

defect in the integrity of the prior § 2255 proceedings, she fails to present a proper ground for relief under Federal Rule of Civil Procedure 60(b), and her Motion for Reconsideration must be denied. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Her motion merely attempts to raise a new ground for relief and must be construed as a successive § 2255 motion. *Id.*; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. The defendant offers no indication that she has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket the defendant's submission as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

DATED: January 4, 2013

/s/ James P. Jones
United States District Judge